■ JOSEPH ROMEO et al., Respondents, v BEN-SOPH FOOD CORPORATION, Doing Business as SUGAR AND SPICE COFFEE SHOP, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated June 2, 1988, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the complaint is dismissed.

The plaintiff Joseph Romeo was allegedly injured on Octo-

ber 18, 1984, at approximately 7:30 A.M., when he slipped and fell on an accumulation of spilled coffee and other debris on the floor of the coffee shop operated by the defendant.

At his examination before trial, Joseph Romeo testified, *inter alia,* that he stood on a "ramp" or "incline" leading up to the defendant's take-out counter for several minutes. After he paid for his order, he turned to leave the coffee shop. When he was halfway down the ramp, his foot "gave way" and he fell to the ground.

Following discovery, which also included an examination before trial of the principal shareholder of the defendant, the defendant moved for summary judgment by notice of motion dated March 7, 1988. The notice of motion provided that the motion was returnable on April 11, 1988, and also stated as follows: "PLEASE TAKE FURTHER NOTICE, that twelve (12) days notice of motion having been given pursuant to CPLR 2214 (b), answering papers if any, are required to be served at least seven (7) days prior to the return date of this motion." In support of its motion for summary judgment, the defendant argued that it was entitled to summary judgment since the plaintiffs had failed to demonstrate that the defendant had actual or constructive notice of the condition or that the defendant or its employees created the condition. The papers submitted by the plaintiffs in opposition to the defendant's motion for summary judgment consisted solely of an affirmation from the plaintiffs' attorney, who alleged that triable issues of fact had been raised. The motion for summary judgment was then submitted.

Several weeks later the plaintiffs submitted a surreply affirmation by their attorney dated May 20, 1988, which was accompanied by an affidavit from their son, Louis Romeo. In his affidavit, Louis Romeo stated that when he entered the coffee shop, he saw spilled coffee on the floor in the vicinity of the take-out area. His father entered the coffee shop 20 minutes later, and fell on the spilled coffee. The defendant's attorney, in a reply affirmation, argued, *inter alia,* that the affidavit of Louis Romeo was untimely, and that the plaintiffs had not offered a valid excuse for the delay.

The Supreme Court denied the defendant's motion for summary judgment. In so holding, the Supreme Court relied on the affidavit of Louis Romeo, the plaintiffs' son, and held that an issue of fact existed with respect to constructive notice. Specifically, the Supreme Court stated: "Plaintiffs have submitted, *inter alia,* the sworn affidavit of Louis Romeo which, in pertinent part, states: 'At the time I entered the coffee

shop, I noticed that there was coffee spilled on the floor in the vicinity of the take-out area. After I was in the coffee shop for approximately twenty minutes, my father, JOSEPH ROMEO, entered the shop. As JOSEPH ROMEO was stepping away from the take-out area, he slipped and fell on the same spilled coffee that I had seen earlier when I first entered the shop.' The foregoing raises a material and triable question of fact as to whether the foreign substance upon which Joseph Romeo allegedly slipped and fell was present for a sufficient length of time prior to the accident to permit defendant's employees to discover and remove it and thus, whether defendant had constructive notice of the foreign substance".

We disagree with the determination of the Supreme Court.

CPLR 2214 (b) and (c) provide, in pertinent part:

"(b) Time for service of notice and affidavits. A notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard. Answering affidavits shall be served at least two days before such time. Answering affidavits shall be served at least seven days before such time if a notice of motion served at least twelve days before such time so demands; whereupon any reply affidavits shall be served at least one day before such time.

"(c) Furnishing papers to the court. * * * Only papers served in accordance with the provisions of this rule shall be read in support of, or in opposition to, the motion unless the court for good cause shall otherwise direct."

Since the plaintiffs offered no excuse for the tardy submission of their son's affidavit several weeks after the return date of the motion, the Supreme Court abused its discretion, as a matter of law, in accepting that affidavit (see, Foitl v G.A.F. Corp., 64 NY2d 911; Henderson v Stilwell, 116 AD2d 861; Wallin v Wallin, 34 AD2d 870). In the absence of the affidavit of Louis Romeo, there was no admissible evidence in the record to support the plaintiffs' claim of constructive notice (see, Cohen v City of New York, 128 AD2d 748; Gordon v American Museum of Natural History, 67 NY2d 836). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.