■ MARIE RUSSELL, Appellant, v MEAT FARMS, INC., Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one

paper) of the Supreme Court, Nassau County (Wager, J.), entered February 6, 1989, which granted the defendant's motion to set aside the jury's verdict on the issue of liability finding the plaintiff 25% and the defendant 75% at fault in the happening of the accident and dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

After a trial limited to the issue of liability, the jury found the defendant 75% at fault in the happening of the accident which caused the plaintiff's injuries. The trial court set aside the jury's verdict, finding that the plaintiff had failed to make out a prima facie case of the defendant's actual or constructive notice of the alleged dangerous condition. On appeal, the plaintiff contends that proof of notice was not required because the defendant created the dangerous condition, i.e., the raised molding edging a treadle mat which the plaintiff tripped over. We disagree with the plaintiff's contention.

The plaintiff failed to prove that the defendant created the dangerous condition. The plaintiff testified at the trial that the defendant's employee was working near the molding approximately 15 minutes prior to the accident. However, on cross-examination, the plaintiff admitted that she neither looked at what the employee was doing nor did she actually notice the raised molding prior to the accident. Viewing the evidence in the light most favorable to the plaintiff and according the plaintiff every reasonable inference (see, Sagorsky v Malyon, 307 NY 584), we find that the placement of the defendant's employee in the vicinity of the accident, without more, does not establish " ' "facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" ' " (Spett v President Monroe Bldg. & Mfg. Corp., 19 NY2d 203, 205, quoting Dillon v Rockaway Beach Hosp., 284 NY 176, 179).

With respect to the issue of the sufficiency of the plaintiff's proof of notice, we note that in her bill of particulars the plaintiff relied on the theory of constructive notice. At trial the plaintiff testified that she did not see the raised molding when she entered the store 15 minutes prior to the accident, nor did she actually see the defendant's employee repair the molding. No other evidence was offered to show notice. Additionally, no complaints had been logged with the management regarding the dangerous condition. In fact, the defendant's assistant manager testified that prior to the plaintiff's accident, he was unaware of the raised molding. "[I]n the absence of some evidence that the condition existed for a sufficient

period to afford the [defendant], in the exercise of reasonable care, an opportunity to discover and correct it, there was no factual issue for the jury. The mere happening of the accident does not establish liability on the part of the defendant" *(Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 251, *affd* 64 NY2d 670).

In view of the foregoing, the court properly exercised its discretion in setting aside the jury verdict on the issue of liability and the plaintiff's complaint was properly dismissed *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692; *Stevens v Loblaws Mkt.,* 27 AD2d 975).* Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.