■ John Senise, Appellant, v Robert A. Mackasek et al., Respondents.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered August 10, 1990, which granted plaintiff's motion for an order pursuant to CPLR 3126 to the extent of directing defendants to appear for depositions on August 31, 1990, at the New York County Supreme Court, 60 Centre Street, at 10:00 A.M., unanimously modified, on the law the facts and in the exercise of discretion, to grant the motion to the extent of striking defendants' answer unless, within twenty days after service of a copy of this order with notice of entry, defendants pay plaintiff a money sanction of $500 and motion costs and is otherwise affirmed, with costs. Plaintiff's appeal from the order of the same court, entered June 29, 1990, which granted plaintiff's motion for an order pursuant to CPLR 3126 to the extent of directing defendants to appear for depositions on August 1, 1990, is dismissed as superseded by the appeal from the order entered August 10, 1990, without costs.

IAS's order entered August 10, 1990 recites that plaintiff's motion for an order pursuant to CPLR 3126 was returnable on March 13, 1990. In contrast, there is no support in the record for defendants' assertion, made in their brief, that such motion was adjourned to March 27, 1990. We therefore find that the motion was returnable on March 13, 1990, and that defendants' service of opposition papers on March 22, 1990 constituted a default on the motion (see, Romeo v Ben-Soph Food Corp., 146 AD2d 688, 690 [motion court abused its discretion as a matter of law in accepting tardily submitted papers in opposition with no excuse having been offered for the lateness]). As a condition to vacating the default, we impose a money sanction of $500.

We note that the record contains no indications of any professional courtesies extended by either plaintiff's attorneys or defendants' attorneys concerning the implementation of this order, which directed four depositions over a period of nine days. When the first deposition did not take place as scheduled, a phone call might have gone far to straighten matters out. Concur—Sullivan, J. P., Rosenberger, Kupferman, Smith and Rubin, JJ.