■ 269 FULTON CORP., Respondent, v H.A.B. REALTY ASSOCIATES, Appellant.

The plaintiff, 269 Fulton Corp., is the tenant of certain premises owned by H.A.B. Realty Associates. The premises are subject to a lease entered into in 1948 by both the defendant's and the plaintiff's predecessors in interest. The lease states that it is to expire in the year 2001. Also, the lease requires that any tenant assigning its interest under the lease is to provide the landlord with an "assumption" by the assignee of the obligations under the lease. In the case of a sublease by the tenant, however, the tenant only has to provide the landlord with a "duplicate original" of the sublease. Finally, the lease required that the premises be used for "ordinary commercial, professional, business or industrial use".

In May of 1987 the plaintiff entered into an agreement with the State University of New York (hereinafter SUNY) whereby it conveyed a possessory interest to SUNY for a period of 10 years, with an option to renew for another 10 years. Subsequently, upon being served with a notice of default, the plaintiff modified this agreement to restrict the exercise of the option for a period ending six months before the expiration date contained in the original 1948 lease.

We find that the court properly denied the defendant's motion for summary judgment and that it properly granted summary judgment in favor of the plaintiff. Contrary to the defendant's contentions, the plaintiff did not convey its entire interest in the lease to SUNY and thus was not required to provide to the defendant an assumption by SUNY *(see, J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *Bruenn v Cole,* 165 AD2d 443; *801 S. Fulton Ave. Corp. v Radin,* 138 AD2d 561). Further, we find that the court properly found the modification of the plaintiff's agreement with SUNY was valid *(cf., Murray Hill Mello Corp. v Bonne Bouche Rest.,* 113 Misc 2d 683, 685).

Further, we find that the court did not improvidently exercise its discretion in considering the plaintiff's sur-reply papers submitted after the return date of the defendant's motion *(see,* CPLR 2214 [c]; *cf., Romeo v Ben-Soph Food Corp.,* 146 AD2d 688).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.