■ THERESA KANE et al., Respondents, v HUMAN SERVICES CENTER, INCORPORATED, Doing Business as ST. COSMO AND DAMIAN ADULT HOME, Appellant.—In a negligence action to

recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated September 12, 1990, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

In this so-called "slip and fall" case, in order for the injured plaintiff to make out a prima facie case, she must be able to demonstrate that the defendant had created the condition which caused the accident or that it had actual or constructive notice of the condition (see, Eddy v Tops Friendly Mkts., 91 AD2d 1203, affd 59 NY2d 692; see also, Lewis v Metropolitan Transp. Auth., 99 AD2d 246, 249, affd 64 NY2d 670; Trujillo v Riverbay Corp., 153 AD2d 793).

The injured plaintiff herein alleged that, as she was walking down a hallway in the defendant's nursing home, she suddenly felt her foot slip and turn in, causing her to fall. After she had fallen, she noticed a small round puddle of a clear, odorless liquid on the floor nearby. Significantly, there is no other evidence which would indicate that she actually stepped in the puddle. The injured plaintiff never noticed the puddle until after the accident, nor did she show that the puddle had been on the floor for any length of time.

These facts are insufficient to establish that the defendant had actual or constructive notice of the puddle. The mere existence of the puddle on the floor is insufficient to impute notice to the defendant, and there is no evidence that the liquid was present on the hallway floor for such a period of time as to give rise to constructive notice (see, Fasolino v Charming Stores, 77 NY2d 847; Anderson v Klein's Foods, 73 NY2d 835; Scirica v Ariola Pastry Shop, 171 AD2d 859; Paciocco v Montgomery Ward, 163 AD2d 655). Moreover, that some of the residents of the nursing home who were enjoying a wine and cheese party in an adjacent room were sitting on chairs in the hallway is insufficient to show that the defendant created the allegedly dangerous condition resulting in the injured plaintiff's accident (see, Russell v Meat Farms, 160 AD2d 987; Torri v Big V., 147 AD2d 743; Huth v Allied Maintenance Corp., 143 AD2d 634). Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.