■ CHARLES A. BENJAMIN, Appellant, v JACK A. ROGERS et al., Respondents, et al., Defendants. (And a Third-Party Action.) [661 NYS2d 676] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the

Supreme Court, Suffolk County (Berler, J.), dated May 21, 1996, which, upon reargument, granted the application of the defendants Jack A. Rogers and Roberta Rogers for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

After drinking several "shots" of alcohol during his bachelor party at Billy Dean's bar—an establishment operated by tenants of the owners of the property, Jack Rogers and Roberta Rogers—the plaintiff and others of his party got into an argument with several of Billy Dean's "bouncers". A pushing and shoving match ensued, during which the plaintiff was ejected from the premises. Looking through the large plate glass window of the bar, the plaintiff could see his brother still struggling with the bouncers inside. The plaintiff alleges that when he tapped once, lightly, on the window, to get his brother's attention, the glass shattered and injured his hand. The plaintiff thereafter brought this action, alleging, among other things, that the defendants' window was negligently constructed and maintained, in violation of various statutes and regulations.

The Supreme Court properly granted the property owners' motion for summary judgment. Jack Rogers testified at his deposition that, as far as he was aware, the glass in question had been installed in 1965, when the premises were constructed. In his opposition to the property owners' motion, the plaintiff failed to show that a triable issue of fact existed as to whether the property owners had created the allegedly dangerous condition, or that they knew or should have known that the offending glass suffered from some defect (*see, e.g., Piacquadio v Recine Realty Corp.*, 84 NY2d 967; *Gordon v American Museum of Natural History*, 67 NY2d 836; *Meyers v Fifth Ave. Bldg. Assocs.*, 90 AD2d 824).

The plaintiff's remaining contentions are without merit. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.