■ BARBARA CAPRARO, Respondent, v STATEN ISLAND UNIVERSITY HOSPITAL, Appellant. [664 NYS2d 826] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated December 9, 1996, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was sitting with her two-year-old nephew in a waiting room at the defendant hospital when the child suddenly started towards a set of automatic sliding doors in the vestibule. The plaintiff tripped while trying to grab the boy's hand, and landed between the sliding doors. The plaintiff commenced this action alleging, *inter alia,* that the hospital was negligent because the rug was worn and the sliding doors were defective.

In order to establish a prima facie case, the plaintiff was required to present proof that the defendant either created or had actual or constructive notice of the defective condition which allegedly caused her to fall (*see, Katsoris v Waldbaum, Inc.,* 241 AD2d 511; *Kraemer v K-Mart Corp.,* 226 AD2d 590; *see also, Piacquadio v Recine Realty Corp.,* 84 NY2d 967). To constitute constructive notice, "a defect must be visible and ap-

parent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *see also, Kraemer v K-Mart Corp., supra*).

In testimony given at her examination before trial, the plaintiff stated that she did not know what caused her to fall. Nearly four years after the accident and one year after her examination before trial, she stated in an affidavit made in response to the defendant's motion for summary judgment that she felt the rug slip beneath her, causing her to fall. She maintains that an issue of fact was therefore created as to whether the rug was properly secured.

We conclude that the plaintiff's statement in her affidavit presents a feigned factual issue designed to avoid the consequences of her earlier admission that she did not know the cause of her fall (*see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441; *Garvin v Rosenberg,* 204 AD2d 388). Even if the plaintiff's statement that she felt the rug slip is credited, that statement was insufficient to establish that the cause of her fall was an improperly secured rug, as opposed to other causes such as a misstep or loss of balance as she reached for her nephew. Since the jury would be required to speculate as to the cause of her fall, summary judgment is appropriate (*see, Babino v City of New York,* 234 AD2d 241; *Howerter v Dugan,* 232 AD2d 524; *see generally, Bernstein v City of New York,* 69 NY2d 1020).

Finally, the record is devoid of evidence that the sliding doors were defective. Accordingly, the hospital established its entitlement to summary judgment (*see, e.g., Benjamin v Rogers,* 242 AD2d 516; *Wisznic v Nostrand Shoppers,* 215 AD2d 553). Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.