■ MICHAEL R. GOLDING, Respondent, v POWELL & DEMPSEY, INC., Doing Business as REUNION COFFEE SHOP, Appellant. [669 NYS2d 323] —In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered July 11, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In order to establish a prima facie case of negligence, the plaintiff is required to prove that the defendant either created or had actual or constructive notice of the allegedly dangerous condition that caused his injuries (see, Piacquadio v Recine Realty Corp., 84 NY2d 967; Capraro v Staten Is. Univ. Hosp., 245 AD2d 256; DeChirico v Church of St. Clare, 241 AD2d 536). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837).

In the instant case, the defendant established that it neither created the allegedly dangerous condition, nor had actual or constructive notice of it. Since the plaintiff failed to offer any evidence to refute this prima facie showing, the defendant's motion for summary judgment dismissing the complaint should have been granted (see, Gordon v American Museum of Natural History, supra; Capraro v Staten Is. Hosp., supra; DeChirico v Church of St. Clare, supra). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.