■ MARILYN LEVIN, Respondent, v D'AGOSTINO SUPERMARKETS, INC., Appellant. [694 NYS2d 464] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Garson, J.), dated October 28, 1998, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In testimony given at her examination before trial, the plaintiff stated that she did not see what caused her to fall. More than four years after the accident and seven months after her examination before trial, she stated in an affidavit made in response to the defendant's motion for summary judgment that at the time her accident occurred and in close proximity to the site of the accident, "[t]here was a utility cart with a large rubber bin on it that was filled with wet vegetables and produce being packed out by the employee at the time of my accident". The plaintiff thus maintains that it was that store employee who created the hazard.

The plaintiff's statement in her affidavit presents a feigned factual issue designed to avoid the consequences of her earlier admission that she never saw the substance which allegedly caused her to fall (see, Capraro v Staten Is. Univ. Hosp., 245 AD2d 256; Garvin v Rosenberg, 204 AD2d 388). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.