■ MICHAEL MARTIN et al., Respondents, v W.B. RESTAU-RANT INC., Doing Business as MR. BEERY's, Appellant, et al., Defendants. [703 NYS2d 212] —In an action to recover damages for personal injuries, etc., the defendant W.B. Restaurant Inc., d/b/a Mr. Beery's, appeals (1) from an order of the Supreme Court, Nassau County (Carter, J.), entered February 8, 1999, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by its brief, from so much of an order of the same court, entered April 27, 1999, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered February 8, 1999, is dismissed, as that order was superseded by the order entered April 27, 1999, made upon reargument; and it is further,

Ordered that the order entered April 27, 1999, is reversed insofar as appealed from, on the law, the motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the defendant W.B. Restaurant Inc., d/b/a Mr. Beery's, the order entered February 8, 1999, is vacated, and the action as against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiffs commenced the instant action against, among others, the defendant W.B. Restaurant Inc., d/b/a Mr. Beery's (hereinafter the restaurant), alleging, *inter alia*, that the restaurant was negligent in failing to clean up broken glass and liquid from the dance floor, thereby causing the plaintiff Michael Martin to fall and injure himself. Mr. Martin testified at his examination before trial that as he danced on the dance floor of the restaurant, he was bumped from behind, causing him to slide into the band's monitor near the stage and fall, thereby injuring himself. Mr. Martin remembered that a beer bottle had dropped and broken near the stage and that the establishment had cleaned it up, but could not remember if that occurred before or after his accident. The plaintiff Michele Martin testified at her examination before trial that she first noticed the accident when her husband landed on the band's monitor. Although she testified that she did not speak to any of the restaurant employees that night, Ms. Martin asserted in

an affidavit submitted in opposition to the motion for summary judgment that she complained to two employees about broken glass and liquid on the dance floor, and that her husband slipped on that same broken glass and liquid.

Mr. Martin's deposition testimony establishes that the accident happened as a result of a superseding act of a third person in bumping him from behind (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952; *Margolin v Friedman*, 43 NY2d 982; *Dunn v State of New York*, 29 NY2d 313, 318), and no action or inaction of the restaurant was a proximate cause of his injuries (*see, Margolin v Friedman, supra*; *Rivera v City of New York*, 11 NY2d 856). The statements contained in Ms. Martin's affidavit were belated assertions designed to avoid the consequences of dismissal by raising a feigned factual issue (*see, Vento v City of New York*, 262 AD2d 309; *Fontana v Fortunoff*, 246 AD2d 626; *Capraro v. Staten Is. Univ. Hosp.*, 245 AD2d 256; *Prunty v Keltie's Bum Steer*, 163 AD2d 595), and were insufficient to defeat the restaurant's motion for summary judgment. Accordingly, the Supreme Court should have granted the restaurant's motion for summary judgment dismissing the complaint insofar as asserted against it. Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.