■ CELIA LICATESE, Respondent-Appellant, v WALDBAUMS, INC., Appellant-Respondent. [717 NYS2d 226] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated May 3, 2000, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff was allegedly injured when she slipped and fell on an oily substance on the floor of the defendant's supermarket as she waited in line at the cash register. The plaintiff alleged that the oily substance leaked out of a plastic bottle of Wesson Oil that she was holding.

The defendant met its burden of establishing prima facie that it did not create the alleged slippery condition and that it

did not have actual or constructive notice of the condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Gill v City of Mount Vernon,* 275 AD2d 733; *Price v EQK Green Acres,* 275 AD2d 737; *Rivera v City of New York,* 275 AD2d 701). The burden then shifted to the plaintiff to come forward with sufficient evidence to raise a triable issue of fact (*see, Cellini v Waldbaum, Inc.,* 262 AD2d 345). In opposition, the plaintiff argued that the defendant created the slippery condition when its employee allegedly punctured the bottle while unpacking it and stacking it on the shelf. However, there is no evidence, only speculation, that the alleged defect in the bottle was caused by the defendant's employee. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.