■ JAMES H. McGUIRE et al., Respondents, v PAUL QUINNONEZ, Appellant. [720 NYS2d 812] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (Ort, J.), entered February 2, 2000, as denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

At his examination before trial, the injured plaintiff James H. McGuire testified that it was "raining ice" shortly before he slipped and fell on an ice-covered stairway at the defendant's premises. Three years after the accident, and nine months after his deposition, in opposition to the defendant's prima facie showing of entitlement to summary judgment, the injured plaintiff stated in an affidavit that the storm had ended more than three hours before his accident. Thus, the plaintiffs contended that the defendant had a reasonably sufficient time after the cessation of the precipitation to remedy the allegedly hazardous condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Lamolly v Mobile Veterinary Tenant Unit Enters.,* 276 AD2d 596). These contradictory statements raised a feigned factual issue designed to avoid the consequences of his earlier admission (*see, Martin v W.B. Rest.,* 269 AD2d 431; *Vento v City of New York,* 262 AD2d 309; *Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256). Accordingly, the defendant's motion should have been granted. Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.