◾ NILDA NIEVES et al., Appellants, v ISS CLEANING SERVICES GROUP, INC., et al., Respondents, et al., Defendant. [726 NYS2d 456] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated April 24, 2000, which granted the motion and cross motion of the defendants ISS Cleaning Services Group, Inc., and Olympia & York Management Corp., respectively, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from so much of the order as granted those branches of the motion and cross motion which were for summary judgment dismissing all cross claims is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent ISS Cleaning Services Group, Inc., is awarded one bill of costs.

The plaintiff Nilda Nieves was allegedly injured when she

slipped on water in the bathroom at her place of employment. At her examination before trial, the injured plaintiff testified that she did not notice any liquid or debris on the floor when she entered the bathroom before she fell. She further testified that, in general, the bathroom was clean, it was never dirty, littered, or wet, and she had never complained to anybody about the condition of the bathroom. Five years after the accident, and nine months after her deposition, in opposition to the respondents' prima facie showing of their entitlement to summary judgment, the injured plaintiff stated in an affidavit that before her fall, the bathroom was strewn with tissue, trash, and papers, towels and napkins were left in the sinks and commodes causing flooding, and she had reported these conditions to a maintenance person on a daily basis. Thus, the plaintiffs contended that the respondents had actual knowledge of a recurring dangerous condition and therefore could be charged with constructive notice of each specific recurrence of the condition (*see, Colt v Great Atl. & Pac. Tea Co.,* 209 AD2d 294; *Padula v Big V Supermarkets,* 173 AD2d 1094; *Weisenthal v Pickman,* 153 AD2d 849). These contradictory statements raised a feigned factual issue designed to avoid the consequences of her earlier admission (*see, Novoni v La Parma Corp.,* 278 AD2d 393; *Martin v W.B. Rest.,* 269 AD2d 431; *Vento v City of New York,* 262 AD2d 309; *Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256). Accordingly, the respondents were entitled to summary judgment. O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.