■ JENNIFER C. BREUER, Respondent, v WAL-MART STORES, INC., Appellant. [734 NYS2d 204] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated May 22, 2001, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, and the complaint is dismissed.

The defendant met its initial burden of showing, as a matter of law, that it neither created the alleged clear, slimy condition upon which the plaintiff slipped and fell nor had notice of that condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Negri v Stop & Shop,* 65 NY2d 625, 626). In opposition to the defendant's prima facie showing in support of its motion for summary judgment, the plaintiff failed to raise a triable issue of fact as to whether the clear condition was visible and apparent, and whether it existed for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it (*see, Kershner v Pathmark Stores,* 280 AD2d 583; *Chemont v Pathmark Supermarkets,* 279 AD2d 545; *Seneglia v FPL Foods,* 273 AD2d 221). Furthermore, while the plaintiff argued that the defendant created the condition when its employee allegedly stacked a nearby display of bottles, there is no evidence, only speculation, that the condition was caused by the defendant's employee (*see, Licatese v Waldbaums, Inc.,* 277 AD2d 429; *Meyerson v Waldbaum, Inc.,* 265 AD2d 535; *Whitt v St. John's Episcopal Hosp.,* 258 AD2d 648; *Goldman v Waldbaum, Inc.,* 248 AD2d 436). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.