■ JAMIE RYDER, Respondent, v KING KULLEN GROCERY CO., INC., Appellant. [734 NYS2d 621] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 7, 2001, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

The plaintiff allegedly cut a finger on his right hand when he grabbed a jar of relish from a shelf located in a supermarket operated by the defendant. The subject jar was allegedly "sticky" and had little splinters of glass attached to its side. The plaintiff moved, *inter alia,* to strike the defendant's answer for its alleged failure to comply with certain discovery demands, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and cross motion.

The Supreme Court erred in denying the defendant's cross motion for summary judgment dismissing the complaint. The defendant demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it did not create the alleged defect or have actual or constructive notice of it (*see, Licatese v Waldbaums, Inc.,* 277 AD2d 429; *Klein v King Kullen Grocery Co.,* 272 AD2d 585).

Although the plaintiff, in opposition to the cross motion, submitted deposition testimony establishing, *inter alia,* that the supermarket manager stated that a case containing the subject jar could have fallen during shipment, that assertion was both speculative and conclusory, and insufficient to raise a triable issue of fact (*see, Klein v King Kullen Grocery Co., supra*).

Accordingly, the complaint should have been dismissed. Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.