■ ELEASE KNIGHTNER, Respondent, v CUSTOM WINDOW AND DOOR PRODUCTS, INC., et al., Appellants. [735 NYS2d 576] —In an action to recover damages for personal injuries, the defendant Custom Window and Door Products, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated August 3, 2000, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants Sharon Blount and Ernestine Blount separately appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Custom Window and Door Products, Inc., and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendant Custom Window and Door Products, Inc., the complaint and all cross claims insofar as asserted against that defendant are dismissed, and the action against the remaining defendants is severed.

Contrary to the appellants' contentions, the Supreme Court properly denied those branches of their respective motions which were to dismiss the complaint based on the plaintiff's alleged spoliation of evidence. The appellants failed to show that the plaintiff acted intentionally or in bad faith in discarding evidence, or that they were prejudiced by the destruction of the evidence. While sanctions may be imposed for negligent destruction of evidence, we agree with the Supreme Court that the imposition of the sanction of dismissal would be inappropriate here (*see, Popfinger v Terminix Intl. Co. Ltd. Partnership,* 251 AD2d 564).

Similarly, we reject the contention of the defendants Sharon Blount and Ernestine Blount (hereinafter the Blounts), the owners of the subject property, that they are entitled to summary judgment on the ground that the alleged debris in the common hallway was open and obvious. A condition can be said to be open and obvious where it is readily observable by the reasonable use of one's senses (*see, Lamparelli v Sawmill Constr. Corp.,* 280 AD2d 585). Based on the conflicting evidence, an issue of fact remains as to whether the condition was open and obvious. As such, summary judgment dismissing the complaint insofar as asserted against the Blounts was properly denied.

Similarly, an issue of fact exists as to whether the Blounts had constructive notice of the allegedly defective condition. Before a landowner may be held liable for a defective condition on his or her property, a plaintiff must show either that the owner created the condition, or that he or she had actual or constructive notice of the condition and a reasonable opportunity to remedy it (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967). To establish constructive notice, the plaintiff must show that the condition was visible and apparent, and existed for a sufficient length of time prior to the accident for the owner to discover it and remedy it (*see, Golding v Powell & Dempsey,* 247 AD2d 510). Based on the conflicting evidence regarding the visibility of the alleged defective condition and the length of time it existed, summary judgment was properly denied to the Blounts.

However, the defendant Custom Window and Door Products, Inc. (hereinafter Custom) has established its entitlement to judgment as a matter of law by demonstrating that the work it performed at the subject premises some five months prior to the plaintiff's accident could not have been the source of the defective condition described by the plaintiff and the other witnesses. Accordingly, we modify the order by granting

Custom's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.