■ EDWARD R. GALLAGHER, Appellant, v TDS TELECOM, Respondent. [741 NYS2d 630] —Appeal from an order and judgment (one document) of Supreme Court, Oneida County (Grow, J.), entered May 16, 2001, which, inter alia, granted defendant's motion for summary judgment.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying defendant's motion in part and reinstating the complaint insofar as it alleges that defendant had constructive notice of the alleged dangerous condition and/or created it and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained while driving his motorcycle behind a tractor trailer in the Town of Vernon. The tractor trailer severed a telephone line installed and maintained by defendant as it passed under the line, and the severed line then struck plaintiff, causing him to lose control of his motorcycle. Defendant established that it had received no prior reports that the line was too low and therefore established as a matter of law that it did not have actual notice of the alleged dangerous condition, and plaintiff failed to raise an issue of fact with respect to actual notice. Thus, Supreme Court properly granted that part of defendant's motion seeking summary judgment dismissing the complaint insofar as it alleges that defendant had actual notice of the alleged dangerous condition.

The court erred, however, in granting that part of defendant's motion seeking summary judgment dismissing the complaint insofar as it alleges that defendant had constructive notice of the alleged dangerous condition and/or created it (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Hanley v Affronti*, 278 AD2d 868, 869; *Golding v Powell & Dempsey*, 247 AD2d 510). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [defendant] to discover and

remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). In support of the motion, defendant submitted the deposition testimony of its technician stating that he drove down the road twice a week and never noticed any low lines. We agree with plaintiff that such testimony failed to establish lack of constructive notice as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853) inasmuch as a trier of fact could find that the technician failed to recognize a condition that was there to be seen. Furthermore, it is undisputed that defendant owned and maintained the line, and defendant failed to submit evidence establishing the height of the line when installed. Thus, defendant failed to establish as a matter of law that it did not create the alleged dangerous condition. We therefore modify the order and judgment by denying defendant's motion in part and reinstating the complaint insofar as it alleges that defendant had constructive notice of the alleged dangerous condition and/or created it. Present—Pigott, Jr., P.J., Hayes, Burns, Gorski and Lawton, JJ.