■ MARY E. FRANKLIN, Respondent, v OMNI SAGAMORE HOTEL, Defendant and Third-Party Plaintiff-Respondent-Appellant. NORTHERN EXHAUST CLEANERS, Third-Party Defendant-Appellant-Respondent. [772 NYS2d 534]—

In an action to recover damages for personal injuries, the third-party defendant, Northern Exhaust Cleaners, appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 16, 2002, as denied its motion for summary judgment dismissing the third-party complaint, and the defendant third-party plaintiff Omni Sagamore Hotel cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the contention of the defendant hotel, material questions of fact exist with respect to whether it created the dangerous, wet condition with its cleaning solution (*see Overton v Leisure Time Recreation*, 280 AD2d 655 [2001]; *cf. Breuer v*

*Wal-Mart Stores,* 289 AD2d 276 [2001]; *Ryder v King Kullen Grocery Co.,* 289 AD2d 387 [2001]; *Licatese v Waldbaums, Inc.,* 277 AD2d 429 [2000]; *Russell v Meat Farms,* 160 AD2d 987 [1990]). Moreover, the Supreme Court providently exercised its discretion in accepting the plaintiff's late submission of Kenneth Deragon's affidavit, dated September 12, 2002 (*see* CPLR 2214 [c]; *269 Fulton Corp. v H.A.B. Realty Assoc.,* 179 AD2d 752 [1992]; *cf. Solow v Liebman,* 262 AD2d 633 [1999]; *Romeo v Ben-Soph Food Corp.,* 146 AD2d 688 [1989]), and this affidavit did not present a feigned issue of fact (*see Nembhard v Mount Vernon City School Dist. Bd. of Educ.,* 300 AD2d 456 [2002]; *cf. Marcelle v New York City Tr. Auth.,* 289 AD2d 459 [2001]; *Martin v W.B. Rest.,* 269 AD2d 431 [2000]; *Fontana v Fortunoff,* 246 AD2d 626 [1998]).

Contrary to the contention of the third-party defendant Northern Exhaust Cleaners (hereinafter Northern Exhaust), material questions of fact exist with respect to whether the plaintiff's injuries are attributable solely to the negligent performance or nonperformance of an act that was solely within the province of Northern Exhaust, thereby precluding dismissal of the third-party claim of the defendant hotel for common-law indemnification (*see Baratta v Home Depot USA,* 303 AD2d 434 [2003]; *Mitchell v Fiorini Landscape,* 284 AD2d 313 [2001]; *Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457 [2001]). Florio, J.P., Smith, Luciano and Rivera, JJ., concur.