■ John Ortiz, Respondent, v Steven Smith et al., Appellants. (And Two Third-Party Actions.) [777 NYS2d 654]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated July 10, 2003, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants Steven Smith and Jacqueline Smith hired the plaintiff John Ortiz to sand and refinish the wood floors in their home. After the plaintiff used sealer on the floor in the basement, a fire occurred in the basement, and the plaintiff sustained burns. The pilot light on the water heater in the basement had not been extinguished and the vapors from the sealer ignited, thereby starting the fire. The plaintiff thereafter commenced this action. The defendants subsequently moved for summary judgment, and Supreme Court denied the motion. We reverse.

At his deposition, the plaintiff testified regarding various conversations he had with the defendants prior to beginning work. None of the conversations recounted by the plaintiff at his deposition involved a discussion regarding the pilot lights in the defendant's home. Over one year after his deposition and $2^{1}/_{2}$ years after the accident, the plaintiff stated in an affidavit that the defendant Steven Smith told him that he would extinguish all pilot lights before the plaintiff commenced work.

The evidence submitted by the defendants established a prima facie case that the accident was not proximately caused by any negligence on their part (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In response, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). The plaintiff's affidavit was insufficient to raise a triable issue of fact because it contradicted his earlier deposition testimony and was clearly designed to avoid the consequences of his earlier admissions (*see Mestric v Martinez Cleaning Co.,* 306 AD2d 449 [2003]; *Krohn v Melanson,* 298 AD2d 510, 511 [2002]; *Nieves v ISS Cleaning Servs. Group,* 284 AD2d 441, 442 [2001]; *McGuire v Quinnonez,* 280 AD2d 587 [2001]; *Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256, 257 [1997]). Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.