■ DIANE SANNA, Respondent, v RIM, INC., et al., Defendants, and JARDIN, LTD., et al., Respondents, and U.S. LOCK CORPORATION et al., Appellants. [779 NYS2d 253]—

In an action to recover damages for personal injuries, the defendants U.S. Lock Corporation, WOC, Inc., Waxman Industries, Inc., and Waxman Consumer Products, Inc., appeal from an order of the Supreme Court, Suffolk County (Emerson J.), dated October 7, 2002, which granted those branches of the separate motions of the defendants Jardin, Ltd., and Fortunoff which were for summary judgment on their respective cross claims for contribution and indemnity against them, and granted the plaintiff's separate motion which was for summary judgment on the issue of liability against them based upon spoliation of evidence.

Ordered that the order is reversed, on the law, with one bill of costs, and the motions are denied.

The plaintiff allegedly was injured in her workplace when the chair in which she sat collapsed. She commenced this action against, among others, the manufacturer, distributor, and retailer of the chair alleging, inter alia, products liability. The plaintiff also alleged that the appellants were negligent in their maintenance of the subject chair.

In the course of discovery, the plaintiff claimed that she kept the subject chair in her possession in contemplation of litigation. At the same time, the appellants claimed that the subject chair was safeguarded in their storeroom for more than two years until it was inadvertently discarded by a cleaning service. Under these circumstances, a triable issue of fact exists which precluded the granting of summary judgment based upon spoliation of evidence (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Knightner v Custom Window & Door Prods.*, 289 AD2d 455 [2001]). S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.