■ ROSEMARIE DRAGOTTA et al., Appellants, v WALMART, INC., Respondent. [835 NYS2d 352]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated December 15, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Rosemarie Dragotta (hereinafter the plaintiff) sustained personal injuries when she slipped and fell in a puddle of liquid on the floor of the defendant's store in Centereach. The defendant met its initial burden of showing, as a matter of law, that it neither created the puddle nor had notice of that condition (*see Breuer v Wal-Mart Stores,* 289 AD2d 276 [2001]).

Although the plaintiff and another customer had waited on line for 10 minutes in close proximity to the puddle, neither of them had noticed the puddle prior to the accident. Moreover, based on their observations of the puddle after the accident, both women described the liquid as being clear.

In addition, the defendant's employee, Heidi Canarick, averred in an affidavit submitted in support of the motion, that the Centereach store conducted a safety sweep every hour of its operation, requiring maintenance personnel to traverse and clean every walking surface in the store. Furthermore, the defendant's employees continually "zoned" their departments, checking for any items or debris that would pose a hazard. Canarick further averred that at no time prior to the accident did anyone including a customer, member of the maintenance staff, or sales associate make her aware of any liquid on the floor.

The plaintiffs' opposition to the motion failed to raise a triable issue of fact as to whether the puddle was visible and apparent, and existed for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.