# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

514

CA 12-01375

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND WHALEN, JJ.

---

OROSMAN DELSOL, PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

FAMILY DOLLAR STORES OF NEW YORK, INC.,
DEFENDANT-RESPONDENT.

---

STEVEN A. LUCIA, ROCHESTER, FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, SYRACUSE (SANDRA J. SABOURIN OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered April 17, 2012. The order granted the motion of defendant for summary judgment and dismissed the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this slip and fall action, plaintiff appeals from an order that granted defendant's motion for summary judgment dismissing the amended complaint. "In slip and fall cases involving the presence of slippery or wet substances, absent evidence that the owner of the premises created a dangerous condition, 'liability [can] be predicated only on failure of [defendant] to remedy the danger presented by the liquid after actual or constructive notice of the condition' " (*Winecki v West Seneca Post 8113*, 227 AD2d 978, 978, quoting *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969). Here, plaintiff relies upon constructive notice, and it is well settled that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). "By submitting evidence that demonstrated that the defect was not visible and apparent, defendant established that it did not have constructive notice of the defect. Defendant thus met its initial burden" on its motion for summary judgment (*Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 858; *see Dragotta v Walmart, Inc.*, 39 AD3d 800, 800-801), and plaintiff failed to raise a triable issue of fact in opposition (*see Breuer v Wal-Mart Stores*, 289 AD2d 276, 277, *lv denied* 97 NY2d 610).

Entered: June 7, 2013

Frances E. Cafarell
Clerk of the Court