OPINION OF THE COURT
William J. Giacomo, J.
Factual and Procedural Background
On Sunday, February 14, 2010, at about 7:30 p.m., plaintiff slipped and fell on chunks of ice in front of East 5th Street near its intersection with South Fulton Avenue, Mount Vernon.
On February 17, 2012, plaintiff commenced this personal injury action against defendant, the owner of the building located at 336 South Fulton Avenue, Mount Vernon. Defendant then commenced a third-party action against International Merchants Services, Inc., the first-floor tenant of the subject building. Pursuant to the lease agreement between defendant and International Merchants Services, Inc. (International), International was obligated to remove snow and ice from the sidewalks surrounding the subject building. The third-party action was discontinued on June 4, 2013 and counsel for International assumed defendant’s defense in this action.
Defendant moves for summary judgment dismissing the complaint on the ground that it did not create or have notice of the icy condition which caused plaintiffs fall. The facts disclose it had snowed 10 inches on Wednesday, February 10, 2010; however, there was no additional precipitation between then and the day of plaintiffs accident. In support of its motion, defendant relies on the affidavit of Howard Resnik, defendant’s president. Resnik states that in February 2010 he did not observe any condition on the sidewalk which would constitute a dangerous condition or defect. Further, at his deposition, Resnik testified the businesses in his building were closed on Saturday and Sunday that week and since there was no precipitation on *889 those days, no one returned to the premises to check the condition of the sidewalk. Resnik also testified that he did not receive any complaints regarding the condition of the sidewalk before plaintiffs accident.
Defendant also relies on the deposition testimony of Gus Salcedo, an employee of International. At his deposition Salcedo testified that he performs snow and ice removal immediately after any snowfall. Thereafter, he walks around the area and applies salt if necessary.
In opposition, plaintiff argues that there are questions of fact regarding whether defendant created the icy condition. In support of her opposition, plaintiff submits the affidavit of Joseph Leonardi, a meteorologist, who opines that the ice chunks upon which plaintiff fell were made by artificial means.
Plaintiff also cross-moves to amend her complaint to add International as a defendant in the main action. Plaintiff seeks to invoke the “relation back doctrine” in CPLR 203 (f) to support her application since the statute of limitations has expired.
Defendant opposes the cross motion. It argues that plaintiff has known of International’s obligation to provide snow removal for the subject building well within the three-year statute of limitations. Defendant also argues that plaintiff’s use of a cross motion in this way is procedurally improper.
Discussion
Defendant’s Motion for Summary Judgment
A party seeking summary judgment bears the initial burden of affirmatively demonstrating its entitlement to summary judgment as a matter of law. (See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) “Once this showing has been made, . . . the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez, 68 NY2d at 324; see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Defendant has establish prima facie entitlement to summary judgment by establishing that it lacked either actual or constructive notice of the condition that allegedly caused plaintiffs fall. Plaintiffs opposition to the motion fails to raise a triable issue of fact as to whether the ice condition was created by defendant or whether defendant had notice of the condi *890 tion for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Dragotta v Walmart, Inc., 39 AD3d 800 [2d Dept 2007]). Plaintiffs attempt to raise an issue of fact by submitting the affidavit of meteorologist Joseph Leonardi is unavailing because Mr. Leonardi’s opinion that the ice chunks upon which plaintiff fell were artificially made is pure speculation. Mr. Leonardi did not observe the ice chucks which caused the fall or even the area where plaintiff fell. Rather, he bases his opinion solely on the weather conditions in New York City at the time of plaintiffs accident.
Accordingly, defendant’s motion for summary judgment dismissing the complaint is granted.
Plaintiffs Motion to Amend Her Complaint
CPLR 203 (f) provides:
“A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
It has been held in all four Departments of this state that under certain circumstances CPLR 203 (f) should be construed to allow the plaintiff to assert a claim against the third-party defendant, after the statute of limitations has expired, to relate back to the date of service of the third-party complaint. (See Holst v Edinger, 93 AD2d 313 [1st Dept 1983]; Schuler v Grand Metro Bldg. Corp., 118 AD2d 633 [2d Dept 1986]; Jones v Gelles, 125 AD2d 794 [3d Dept 1986]; Boxhorn v Alliance Imaging, Inc., 74 AD3d 1735 [4th Dept 2010].)
“It is evident that when a third party has been served with the third-party complaint, and all prior pleadings in the action as required by CPLR 1007, the third-party defendant has actual notice of the plaintiff’s potential claim at that time. The third-party defendant must gather evidence and vigorously prepare a defense. There is no temporal repose [due to the expiration of the statute of limitations]. Consequently, an amendment of the complaint may be permitted, in the court’s discretion, and a direct claim asserted against the third-party defendant, *891 which, for the purposes of computing the Statute of Limitations period, relates back to the date of service of the third-party complaint” (Duffy v Horton Mem. Hosp., 66 NY2d 473, 478 [1985], citing McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C203:11 at 124 [1972 ed]; Siegel, NY Prac § 49 at 17-18 [1st ed; 1985 Supp]; 6 Wright & Miller, Federal Practice & Procedure § 1498 [1971]).
Here, however, the action against International has been discontinued. In this case, to allow an amendment to the complaint at this time would be prejudicial to International. (See generally Buran v Coupal, 87 NY2d 173, 181 [1995]; cf. Cucuzza v Vaccaro, 109 AD2d 101 [2d Dept 1985] [doctrine of laches did not bar granting leave to plaintiff to serve amended complaint asserting direct claim against third-party defendant, where third-party defendant would be in no worse position than he would have been if plaintiff had amended complaint within 20 days after service of third-party complaint, as plaintiff would have been free to do without leave].) The court notes that the deposition of International employee Gus Salcedo took place in March 2013. At that time plaintiff was well aware of International’s involvement in the snow and ice removal in the area where she fell. Yet she did not immediately move to amend her complaint. Three months later, in June 2013, defendant discontinued its action against International. Plaintiff did not move to amend her complaint until September 20, 2013, as an apparent reaction to defendant’s motion for summary judgment.
Accordingly, under the facts and circumstances of this case plaintiffs cross motion to amend her complaint is denied.