■ GIOVANNI TROISI, Appellant, v MERIT OIL COMPANY, Respondent. [617 NYS2d 347] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered January 21, 1993, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law after the close of the evidence presented by the plaintiff, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover for damages he sustained when, while filling his car with gasoline at the defendant's self-serve gas station, the hose burst, spraying him with gasoline. At trial, after the plaintiff failed to present proof that the defendant had actual or constructive notice of the defect in the hose, the defendant moved for judgment as a matter of law. The plaintiff argued that no such evidence was necessary, as the doctrine of res ipsa loquitur was applicable. The trial court disagreed, and dismissed the complaint. We affirm. "In New York it is the general rule that submission of the case on the theory of res ipsa loquitur is warranted only when the plaintiff can establish the following elements: ' "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" ' *(Corcoran v Banner Super Mkt.,* 19 NY2d 425, 430, *mod on remittitur* 21 NY2d 793 [quoting from Prosser, Torts § 39, at 218 (3d ed)])" *(Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226). Here, the gasoline hose was continuously available for use by the defendant's customers and, thus, was not within the defendant's exclusive control. Moreover, the occurrence was not "of a kind which ordinarily does not occur in the absence of someone's negligence" *(Dermatossian v New York City Tr. Auth., supra,* at 228). Accordingly, the court appropriately refused to apply the doctrine of res ipsa loquitur to the plaintiff's case, and the plaintiff's complaint was properly dismissed. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.