■ TERRY MEYERSON et al., Appellants, v WALDBAUM, INC., Respondent. [697 NYS2d 147] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Levitt, J.), entered July 15, 1998, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered July 29, 1998, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

To establish a prima facie case of negligence, a plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see, Kraemer v K-Mart Corp.,* 226 AD2d 590; *Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280). To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). On a motion for summary judgment dismissing the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law (*see, Goldman v Waldbaum, Inc.,* 248 AD2d 436). In the instant case, the defendant has met that burden. The plaintiffs, in opposition, submitted no proof, only speculation, that the hazard upon which the injured plaintiff purportedly slipped was present on the floor for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it. Bracken, J. P., S. Miller, Krausman and H. Miller, JJ., concur.