■ JOSE REYES, Respondent, v ACTIVE FIRE SPRINKLER CORP., Respondent, and TRUSTEES OF ST. PATRICK'S CATHEDRAL IN THE

CITY OF NEW YORK, Appellant. (And a Third-Party Action.) [699 NYS2d 391] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 27, 1999, which denied the motion of defendant Trustees of St. Patrick's Cathedral for summary judgment with respect to the first cause of action (based on common law negligence) while granting summary dismissal of the remaining three causes (based upon Labor Law claims), unanimously modified, on the law, the motion granted with respect to the first cause of action as well, the complaint dismissed as against said defendant only, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff, a maintenance worker at St. Patrick's Cathedral, was struck in the head by a falling piece of pipe that had been recently installed by co-defendant Active Fire Sprinkler Corp. In moving for summary judgment dismissing the negligence claim, the St. Patrick's Trustees also sought summary judgment over against Active Fire Sprinkler on the ground of indemnification, Active having allegedly breached its contractual obligation to obtain liability insurance covering St. Patrick's. In light of our disposition, we need not reach the IAS Court's denial of that portion of the Trustees' motion.

On this appeal, plaintiff argued in support of its common law claim against St. Patrick's on the ground of res ipsa loquitur, the unknown cause of the accident being entirely within the defendant's control. But "exclusive control" of the instrumentality of injury is an essential element of this doctrine (*Ebanks v New York City Tr. Auth.*, 70 NY2d 621), and here the record establishes that Active Fire Sprinkler had been working on the pipe installation for several months, covering the period preceding and following the accident. Under these circumstances, St. Patrick's could not have had exclusive control over the pipe in question. The testimony of Active's steamfitter employee, to the effect that he saw laundry hanging from *other* portions of pipe upon his inspection of the area sometime *after* the date of the accident, was insufficient to establish St. Patrick's acquisition and exercise of exclusive control over the instrumentality of injury. Concur—Sullivan, J. P., Mazzarelli, Wallach and Friedman, JJ.