■ PETER COHEN, Respondent, v INTERLAKEN OWNERS, INC., Appellant. [712 NYS2d 513] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered June 7, 1999, which, after a jury trial, awarded plaintiff recovery of $500,000 for past and future pain and suffering (structured pursuant to CPLR art 50-B), $10,000 for past medical expenses, and $10,000 for past lost earnings, plus prejudgment interest, costs and disbursements, unanimously reversed, on the law, without costs, and the matter remanded for a new trial.

This negligence action arises out of an accident that occurred on October 14, 1993. Plaintiff, a United States Postal Service employee, was delivering mail to 1273 California Avenue in Eastchester, New York, a four-apartment building in the residential apartment complex owned and managed by defendant cooperative corporation, when the cluster mailbox fell out of the wall and hit him on the knee.

The cluster mailbox in that building consisted of a wall-mounted frame into which was placed an insert divided into four compartments, one for each apartment. Each compartment had an individual lock for the tenant to use when retrieving mail. Additionally, there was a locked "gang box" at the top of the frame, to which only postal employees had the master key. This allowed the mail deliverer to open the entire insert at once. Inside the gang box, there were two stoppers with retaining clips, whose purpose was to prevent the insert from sliding out of the wall frame when the box was opened. There

was also a groove at the bottom of the insert which was intended to sit flush in the wall so that the weight of the box was properly distributed.

The cluster mailbox that caused the subject accident was installed by defendant in 1987. Camillo Della, defendant's property manager, enlarged the existing hole in the wall to make room for the new mailbox, which was larger than the old one. Shortly thereafter, a tenant complained to Mr. Della that the box did not fit properly in the wall, but rather protruded about two inches from the wall, because the wall was too shallow for a frame that size. Mr. Della notified the cooperative board about the problem, but nothing was done. Bruce Bednarczyk, another postal worker who delivered mail to that building, testified that he also notified Mr. Della that the box was not secure and that he had to keep his thumb on the frame when he delivered mail so as to prevent the unit from sliding out of the wall. Additionally, a few weeks before the accident, plaintiff allegedly told defendant's management office that the mailbox was not closing properly.

However, defendant disputes that it received notice because it claims that none of the tenants ever specifically advised it that the mailbox created a dangerous condition. Defendant claims that plaintiff never reported the defect to the post office nor filled out a form requesting that they send a postal worker to facilitate the repair of the box. Under post office regulations, defendant was responsible for maintenance of the mailbox, but did not have the authority to open the mailbox on its own. If defendant needed access to make repairs, it had to notify the post office, which would send one of its employees to open the mailbox.

The day after the accident, a post office supervisor opened the mailbox for Mr. Della to inspect. It was discovered that the right-hand stopper was broken off. Mr. Della and his assistant replaced the broken part.

At trial, Herbert Aronson, a licensed mechanical engineer, testified on plaintiff's behalf as to the likely cause of the accident. Mr. Aronson opined that the absence of the stopper allowed the insert to fall out of the frame. He also thought that the protrusion of the mailbox frame from the wall could have caused the mailbox to sag downward, thereby putting too much weight on the stopper and causing it to break off. However, Mr. Aronson's testimony was based only on his discussions with plaintiff's attorney two years prior to trial, his examination of a mailbox similar to the one at issue, in the afternoon at the courthouse, just prior to taking the stand, and his viewing of a

photograph of the wall-mounted frame taken shortly after the accident, at the same time as his examination of the mailbox. He had not reviewed any written material (such as depositions) nor spoken to plaintiff, nor had he visited the accident site.

The trial court instructed the jury on two alternative theories of liability, common law negligence and res ipsa loquitur. Because the evidence did not support a res ipsa loquitur charge, a new trial is required. "When multiple theories of liability have been submitted to a jury which is instructed to return a general verdict only, a judgment entered on such a verdict in favor of the plaintiff must be reversed when the proof was insufficient for submission as to one or more of those theories" (*Davis v Caldwell*, 54 NY2d 176, 178).

A res ipsa loquitur charge is warranted only when the following conditions are satisfied: (1) an incident of this nature would ordinarily not occur in the absence of negligence; (2) the instrumentality that caused the injury was within the defendant's exclusive control; and (3) the incident was not due to any voluntary action or contribution by the plaintiff (*Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623). This Court has recently reiterated that " 'exclusive control' of the instrumentality of injury is an essential element of this doctrine" (*Reyes v Active Fire Sprinkler Corp.*, 267 AD2d 70, 71).

Here, defendant did not have exclusive control of the interior of the gang box, where the defective stopper was located. The stoppers were only visible when the cluster mailbox was open, but defendant could not open it unless a postal worker unlocked the box and remained present while any inspection or repair took place. Moreover, other persons came into contact with the interior of the gang box on a daily basis, namely plaintiff and the other mail carriers on that route (*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219; *Troisi v Merit Oil Co.*, 208 AD2d 615; *Braun v Consolidated Edison Co.*, 31 AD2d 165, 170, *affd* 26 NY2d 825). This distinguishes the instant case from cases where the instrumentality of the accident was not generally handled by persons other than the defendant (*compare, Pavon v Rudin*, 254 AD2d 143 [broken door hinge was too high up to be regularly handled]).

Since plaintiff's proof did present a triable issue as to common law negligence, the appropriate remedy is a new trial on that claim (*see, Ebanks v New York City Tr. Auth., supra,* at 624). It was defendant's duty to exercise due care in installing and maintaining the mailboxes in its buildings. A reasonable jury could conclude that defendant's improper installation of

the subject mailbox and its failure to take corrective action despite several complaints that the mailbox was not resting securely in the wall were substantial factors in bringing about the accident (*see, Rodriguez v Forest City Jay St. Assocs.*, 234 AD2d 68, 69; *Capicchioni v Morrissey*, 205 AD2d 959, 961; *Peevey v Burgess*, 192 AD2d 1115).

We note, however, that it was improper for the trial court to admit Mr. Aronson's expert testimony on the cause of the accident, as his opinion was neither grounded in personal knowledge, nor in facts contained in or inferable from the record (*Rosa v General Motors Corp.*, 226 AD2d 213). While it is possible that the missing stopper broke off because of undue pressure from the improperly installed mailbox frame, the jury was competent to assess this possibility based on their own experience and understanding (*Corelli v City of New York*, 88 AD2d 810). Mr. Aronson formed his opinion without inspecting the mailbox, making any calculations or measurements concerning the similar mailbox he examined, or interviewing any witnesses. This renders his conclusion purely speculative (*Espinosa v A & S Welding & Boiler Repair*, 120 AD2d 435, 436-437).

In light of the foregoing, we need not reach the parties' other contentions. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Lerner, JJ.