SECOND DEPARTMENT, OCTOBER, 2001

(October 1, 2001)

■ ABEER M. ALSAEIDI, an Infant, by Her Mother and Natural Guardian, AZZIA ALSAEIDI, Respondent-Appellant, et al., Plaintiffs, v DIMITRIUS GARBIS et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. BAYSIDE FUEL OIL CORP., Third-Party Defendant-Respondent-Appellant. [730 NYS2d 863] —In an action to recover damages for personal injuries, etc., (1) the defendants third-party plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Hall, J.), entered May 31, 2000, as, upon a jury verdict finding them 60% at fault in the happening of the accident and the third-party defendant 40% at fault, and finding that the plaintiff Abeer M. Alsaeidi had sustained damages in the principal sum of $505,000, is in favor of that plaintiff and against them, (2) the third-party defendant cross-appeals, as limited by its brief, from so much of the same judgment as is in favor of the defendants third-party plaintiffs and against it for its apportioned share of the damages, and (3) the plaintiff Abeer M. Alsaeidi cross-appeals, on the ground of inadequacy, from so much of the same judgment as awarded her damages for future pain and suffering in the principal sum of only $5,000.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from by the third-party defendant, on the law, and the complaint and the third-party complaint are dismissed; and it is further,

Ordered that the cross appeal by the plaintiff Abeer M. Alsaeidi is dismissed as academic; and it is further,

Ordered that the defendants third-party plaintiffs and the third-party defendant are awarded one bill of costs payable by the plaintiff Abeer M. Alsaeidi.

The Supreme Court erred in submitting the case to the jury on the theory of res ipsa loquitur. The plaintiff Abeer·M. Alsaeidi failed to establish that the event was of the kind which ordinarily does not occur in the absence of negligence (*see, Troisi v Merit Oil Co.*, 208 AD2d 615; *cf., Kambat v St. Francis Hosp.*, 89 NY2d 489). Moreover, the evidence adduced at trial was insufficient to establish that the defendants third-party plaintiffs either created the allegedly defective condition or had actual or constructive notice thereof (*see, Abrams v Powerhouse Gym Merrick*, 284 AD2d 487).

The parties' remaining contentions are academic in light of our determination. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.