■ Rulee Imhotep, Appellant, v State of New York, Respondent. (Claim No. 84730.) [750 NYS2d 87] —In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Nadel, J.), dated August 29, 2001, which, after a nonjury trial, and upon the granting of the defendant's motion to dismiss the claim, is in favor of the defendant, dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant, who was an inmate at the Arthur Kill Correctional Facility at the time of the accident, alleges that he was injured when a bulletin board in his cell fell on him. There is no evidence in the record as to what caused the bulletin board to fall, nor that the State of New York created a dangerous condition or had actual or constructive notice of a dangerous condition.

The plaintiff is not entitled to judgment in his favor based upon the doctrine of res ipsa loquitur. Res ipsa loquitur permits an inference of negligence to be drawn when the nature of the accident is such that it "would ordinarily not happen without negligence" (*Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 226). When the doctrine is applicable, it creates a prima

facie case of negligence sufficient for submission to the fact-finder, who may but is not required to draw a permissible inference of negligence (*see Kambat v St. Francis Hosp.,* 89 NY2d 489, 495).

The general rule is that a plaintiff can invoke the doctrine only if he or she establishes three elements: (1) the event is of a kind which ordinarily does not occur in the absence of someone's negligence, (2) the event is caused by an agency or instrumentality within the exclusive control of the defendant at the time of the alleged negligence, and (3) the event was not the result of any voluntary action or contribution on the part of the plaintiff (*see Dermatossian v New York City Tr. Auth., supra* at 226-227). The evidence adduced at the trial established that the bulletin board was affixed to the wall of the cell at least eight years prior to the accident. It cannot be said that the accident in this case was of the sort that ordinarily would not occur in the absence of someone's negligence (*see Dawson v National Amusements,* 259 AD2d 329, 330).

Moreover, the claimant's own testimony indicated that the last person to handle the bulletin board was the inmate who occupied the claimant's bed two to three weeks before the accident. Where an instrumentality is generally under the control of persons other than the defendant, res ipsa loquitur does not apply (*see Patrick v Bally's Total Fitness,* 292 AD2d 433, 435, *lv denied* 98 NY2d 605; *Cohen v Interlaken Owners,* 275 AD2d 235, 237).

Accordingly, the dismissal of the claim was proper. S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.