VALERIE D. SCOTT, Appellant, v FIRST STOP, INC., Doing Business as EDWARDS SUPER FOOD STORES, Respondent. [770 NYS2d 733]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 9, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 23, 1999, at approximately 1:00 P.M., the plaintiff's decedent entered a public restroom inside the defendant's premises. When she pushed the lever of a paper towel dispenser, the front plastic cover of the paper towel dispenser "flopped open," striking her in the face.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to establish that it neither created nor had actual or constructive notice of the alleged dangerous condition (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]; *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Abrams v Powerhouse Gym Merrick,* 284 AD2d 487 [2001]; *Katsoris v Waldbaum, Inc.,* 241 AD2d 511, 512 [1997]; *Kraemer v K-Mart Corp.,* 226 AD2d 590 [1996]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

Moreover, contrary to the plaintiff's contention, the doctrine of res ipsa loquitur is not applicable to this case. The doctrine of res ipsa loquitur permits an inference of negligence to be drawn solely from the happening of an accident "upon the theory that 'certain occurrences contain within themselves a sufficient basis for an inference of negligence'" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986], quoting *Foltis, Inc. v City of New York*, 287 NY 108, 116 [1941]). To invoke the doctrine, a plaintiff must demonstrate the following elements: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967], quoting Prosser, Torts § 39, at 218 [3d ed]; *see Dermatossian v New York City Tr. Auth., supra* at 226). Here, the plaintiffs failed to establish that the defendant had exclusive control over the paper towel dispenser, located within a public restroom, which the defendant never locked. The paper towel dispenser was continuously available to the public, and the plaintiff failed to demonstrate that the defendant had control "of sufficient exclusivity to fairly rule out the chance that the [alleged defect] was caused by some agency other than defendant's negligence" (*Dermatossian v New York City Tr. Auth., supra* at 228; *see Fernandez v Ramos,* 300 AD2d 348 [2002]; *Ruggiero v Waldbaums Supermarkets,* 242 AD2d 268, 269 [1997]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.