■ GISSELL S. WILLIAMS, Appellant, v WAL-MART STORES, INC., Respondent. [781 NYS2d 698]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated October 17, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established its entitlement to summary judgment by submitting proof in evidentiary form that it neither created nor had actual or constructive notice of the dangerous condition that allegedly caused the plaintiff's injury (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Meyerson v Waldbaum, Inc.,* 265 AD2d 535 [1999]). Constructive notice of a condition is established by evidence which demonstrates that a defect is visible and apparent, and that it has existed for a sufficient length of time for the defendant's employees to have discovered and remedied it (*see Gordon v American Museum of Natural History, supra* at 837; *Kershner v Pathmark Stores,* 280 AD2d 583, 584 [2001]). Here, the evidence established that the condition was not visible or apparent, and the plaintiff merely speculated as to how long it existed.

Once the defendant demonstrated its initial entitlement to summary judgment, the burden shifted to the plaintiff to come forward with sufficient admissible evidence to raise a triable question of fact on the issue of actual or constructive notice (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiff failed to meet this burden. The doctrine of res ipsa loquitur does not defeat the motion for summary judgment because the plaintiff failed to establish that the condition which allegedly caused the injury was under the exclusive control of the defendant (*see Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 227 [1986]; *Scott v First Stop,* 3 AD3d 528 [2004]). Therefore, summary judgment was properly granted to the defendant.

The plaintiff's remaining contentions are without merit. Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.