■ MARGARET COLLINS, Appellant, v MAYFAIR SUPER MARKETS, INC., Doing Business as STOP AND SHOP SUPER FOOD MARKET CO., et al., Respondents. [786 NYS2d 105]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered September 12, 2003, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for injuries which she allegedly sustained as a result of slipping and falling on a waxy substance in a store operated by the defendant Mayfair Super Markets, Inc., doing business as Stop and Shop Super Food Market Co. The defendants, as the parties moving for summary judgment, met their initial burden of demonstrating their entitlement to the relief sought. They submitted evidence, including the deposition testimony of the store's assistant manager that he had inspected the portion of the floor in question shortly before the plaintiff fell, which established that they did not create or have actual notice of the allegedly dangerous condition on the floor of the supermarket (*see Rivera v Waldbaums, Inc.,* 298 AD2d 449 [2002]; *Bernard v Waldbaum, Inc.,* 232 AD2d 596 [1996]). The burden then shifted to the

plaintiff to come forward with sufficient evidence in admissible form to raise a triable issue of fact as to whether the defendants created the condition or had actual or constructive notice thereof. The plaintiff submitted no evidence that the defendants had actual notice of the allegedly dangerous condition. To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]). However, the plaintiff failed to raise a triable issue as to whether the waxy substance was on the floor for any length of time. Finally, the evidence submitted amounted to no more than speculation that the condition was created by an employee of a defendant or an independent contractor (*see Breuer v Wal-Mart Stores,* 289 AD2d 276 [2001]; *Licatese v Waldbaums, Inc.,* 277 AD2d 429 [2000]; *Meyerson v Waldbaum, Inc.,* 265 AD2d 535 [1999]). Therefore, summary judgment was properly granted.

The plaintiff's remaining contention is unpreserved for appellate review. Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.