■ Ava Pennie, Appellant, v David McGillivary et al., Respondents, et al., Defendant. [790 NYS2d 692]—

In an action to recover damages for personal injuries, the

plaintiff appeals (1) from an order of the Supreme Court, Kings County (Held, J.), dated April 12, 2004, which granted the motion of the defendants David McGillivary and Valerie McGillivary pursuant to CPLR 4401 for judgment as a matter law made at the close of the plaintiff's evidence, and (2) a judgment of the same court entered October 18, 2004, upon the order, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants David McGillivary and Valerie McGillivary.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted the motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's evidence. The testimony elicited from the plaintiff and her witness was insufficient to establish that the defendants created a dangerous condition or had actual or constructive notice of the alleged defect which caused the plaintiff to fall down the stairs (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Gonzalez v Jenel Mgt. Corp.,* 11 AD3d 656 [2004]). In the absence of evidence of such notice or that the defendant created the condition, the plaintiff failed to establish a prima facie case of negligence against the defendants (*see Gonzalez v Jenel Mgt. Corp., supra; Williams v Wal-Mart Stores, Inc.,* 10 AD3d 653 [2004]).

In light of our determination, the plaintiff's remaining contentions are academic. Krausman, J.P., Mastro, Rivera and Skelos, JJ., concur.