■ VICTORIA STANCIL, Appellant, v SUPERMARKETS GENERAL, Doing Business as PATHMARK, RESPONDENT. [790 NYS2d 552]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruditzky, J.), dated August 13, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff slipped and fell on a clear liquid which had collected on the floor of the defendant's supermarket in the vicinity of the checkout area. She subsequently commenced this action and the defendant moved for summary judgment dismissing the complaint.

The deposition testimony of the defendant's store manager that the defendant submitted in support of its motion established prima facie that it neither created nor had notice of the allegedly hazardous condition (*see Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]).

The plaintiff's deposition testimony that she saw dirt in the liquid which was "from people's shoes" contradicted her earlier testimony that the liquid was clear and, in any event, was insufficient to raise a triable issue of fact on the issue of constructive notice (*see Myers v Waldbaum's, Inc.*, 303 AD2d 389 [2003]). Nor did the plaintiff raise a triable issue of fact as to whether the defendant created the hazardous condition. The affidavits of

the plaintiff and her daughter presented a feigned factual issue designed to avoid the consequences of the plaintiff's prior deposition testimony that she did not know whether a trail of water on the floor extended all the way from the accident site to a freezer maintained by the defendant (*see Marcelle v New York City Tr. Auth.*, 289 AD2d 459 [2001]). Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.