■ HILDA ONLEY, Appellant, v SHOPWELL, INC., Doing Business as A & P SUPERMARKET, et al., Respondents. [792 NYS2d 156]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered April 27, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff slipped and fell on a piece of fruit in the produce aisle of the defendants' premises. In response to the defendants'

prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the defendants created the alleged defect or had actual or constructive notice of it (*see Moss v JNK Capital*, 211 AD2d 769 [1995]; *affd* 85 NY2d 1005 [1995]; *see also Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]; *Katsoris v Waldbaum, Inc.*, 241 AD2d 511, 512 [1997]). The defendants' general awareness that fruit sometimes fell onto the floor of their premises was insufficient to raise a triable issue of fact as to whether they had notice of the specific condition which caused the plaintiff to fall (*see Halperin v Waldbaum's Supermarket*, 236 AD2d 514, 515 [1997]; *compare McLaughlan v Waldbaums, Inc.*, 237 AD2d 335, 336 [1997]; *Chin v Harp Mktg.*, 232 AD2d 601, 602 [1996]). Florio, J.P., Krausman, Rivera and Fisher, JJ., concur.