■ ISAAC DAWSON, Appellant, v FOUNTAINS-CLOVE ROAD APARTMENTS, INC., et al., Respondents. (And a Third-Party Action.) [792 NYS2d 904]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Vitaliano, J.), dated March 31, 2004, as granted the separate motions of the defendants Aqua Management, Inc., and Fountains-Clove Road Apartments, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when he fell down the stairs of a pool filter room at the defendant Fountains-Clove Road Apartments, Inc. (hereinafter Fountains), after his right foot came into contact with a screwdriver. The defendant Aqua Management, Inc. (hereinafter Aqua), was hired to maintain and supervise the pool. The plaintiff commenced this action to recover damages for personal injuries. After significant disclosure, the Supreme Court granted the separate motions of those defendants for summary judgment dismissing the complaint insofar as asserted against each of them. We affirm.

In opposition to each defendant's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to the applicability of the doctrine of res ipsa loquitur (*see Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219 [1986]; *Gurevich v Queens Park Realty Corp.*, 12 AD3d 566 [2004]; *Imhotep v State of New York*, 298 AD2d 558 [2002]). Thus, the motions were properly granted, and the complaint was properly dismissed. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.