■ PESSIE KRAKINOWSKI, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [795 NYS2d 72]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered May 25, 2004, which, upon the granting of the defendant's motion pursuant to CPLR 4404 to set aside a jury verdict in her favor on the issue of liability and for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Pursuant to CPLR 4404 (a), the trial court "may set aside a verdict . . . and direct that judgment be entered in favor of a party entitled to judgment as a matter of law." To do so, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Nicastro v Park*, 113 AD2d 129, 132 [1985]). Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendant's motion to set aside the jury verdict and for judgment as a matter of law since the plaintiff failed to prima facie demonstrate that the defendant had actual or constructive notice of a defect on the cement step upon which she fell (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Earle v Channel Home Ctr.*, 158 AD2d 507, 508 [1990]). The plaintiff

testified that a "gouge" or "gaping hole" on the step caused her to fall, but there was no further testimony regarding actual or constructive notice of the defect. Moreover, the photographs the plaintiff admitted into evidence did not show a gouge, a hole, or any other irregularity on the step, nor did the plaintiff establish when the photographs were taken. Accordingly, the photographs were insufficient to support an inference that the defendant had constructive notice of such defect (*see Lustenring v 98-100 Realty*, 1 AD3d 574, 577 [2003]; *Truesdell v Rite Aid of N.Y.*, 228 AD2d 922 [1996]; *cf. DeGiacomo v Westchester County Healthcare Corp.*, 295 AD2d 395 [2002]; *Atkins v Francesca Realty Assoc.*, 238 AD2d 457 [1997]). H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.