■ CAROL GANCI, Appellant, v NATIONAL WHOLESALE LIQUIDATORS OF FARMINGDALE, INC., Respondent. [799 NYS2d 261]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated March 19, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained as a result of a "slip-and-fall" accident caused by an accumulation of spilled sugar on the floor of an aisle in the defendant's supermarket. Contrary to the plaintiff's contention, the defendant made a prima facie showing of entitlement to summary judgment by demonstrating that none of its supermarket employees had any knowledge or reason to know of the spilled sugar, or did anything to create the condition (*see Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]; *Scheer v Pathmark Stores*, 6 AD3d 520 [2004]; *Meyer v Pathmark Stores*, 290 AD2d 423 [2002]). In opposition to the defendant's motion, the plaintiff failed to raise a triable issue of fact as to whether the defendant created or had actual or constructive notice of the allegedly hazardous spill condition (*see Sanchez v Delgado Travel Agency*, 279 AD2d 623 [2001]; *Becker v Waldbaum, Inc.*, 221 AD2d 396 [1995]; *Kaufman v Man-Dell Food Stores*, 203 AD2d 532 [1994]). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see Collins v Mayfair Super Mkts., Inc.*, 13 AD3d 330 [2004]). S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.