■ EVELYN SINGER et al., Appellants, v ST. FRANCIS HOSPITAL, Respondent. [799 NYS2d 742]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated September 21, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon the property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Lezama v 34-15 Parsons Blvd., LLC, 16 AD3d 560 [2005]; Curiale v Sharrotts Woods, Inc., 9 AD3d 473, 474-475 [2004]). Here, the defendant met its initial burden of establishing entitlement to judgment as a matter of law (see Morrison v 107 W. 38th Realties Co., 17 AD3d 645 [2005]; Jimenez v T.J. Maxx, Inc., 17 AD3d 638 [2005]; Onley v Shopwell, Inc., 16 AD3d 565 [2005]). In opposition thereto, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Morrison v 107 W. 38th Realties Co., supra; Jimenez v T.J. Maxx, Inc., supra; Onley v Shopwell, Inc., supra). The photographs relied upon by the plaintiffs were insufficient to demonstrate that the defendant had constructive notice of the alleged defect (see Krakinowski v New York City Tr. Auth., 18 AD3d 443 [2005]; Lustenring v 98-100 Realty, 1 AD3d 574, 577 [2003]). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.