■ PAVOL POPOVEC, Appellant, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Doing Business as WALDBAUM'S, et al., Respondents. [808 NYS2d 779]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), entered September 13, 2004, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that he slipped and fell on a puddle of clear liquid while shopping at one of the defendants' supermarkets. The defendants sustained their initial burden of demonstrating their entitlement to judgment as a matter of law by submitting the deposition testimony of the store manager, which established that the defendants neither created the alleged dangerous condition nor had actual or constructive notice of it (*see Ganci v National Wholesale Liquidators of Farmingdale, Inc.*, 20 AD3d 551 [2005]; *Collins v Mayfair Super Mkts., Inc.*, 13 AD3d 330 [2004]; *Manzione v Wal-Mart Stores*, 295 AD2d 484 [2002]). The submissions by the plaintiff in opposition were insufficient to defeat the motion because they raised a feigned factual issue with respect to the issue of notice which was designed to avoid the consequences of his deposition testimony (*see Manzione v Wal-Mart Stores, supra*; *Katz v Seminole Realty Corp.*, 10 AD3d 386 [2004]; *Jimenez v T.J. Maxx, Inc.*, 17 AD3d 638 [2005]; *Tejada v Jonas*, 17 AD3d 448 [2005]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.