■ CHRISTINA KOTSAKOS, Appellant, v CHRISTOS TSIRIGOTIS et al., Respondents. [813 NYS2d 169]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered October 22, 2004, which, upon an order of the same court dated June 9, 2003, granting that branch of the defendants' motion which was pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

"A defendant's motion pursuant to CPLR 4401 should be granted only when, accepting the plaintiff's evidence as true, and according that evidence the benefit of every favorable inference that can reasonably be drawn from it, there is no rational process by which the jury could find for the plaintiff against the moving defendant" (*Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881, 882 [2005] [citation and internal quotation marks omitted]). Under the facts of this case, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 4401 for judgment as a matter of law.

A plaintiff in a slip-and-fall case must demonstrate the existence of a dangerous condition and that the defendant created the condition or had actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Gonzalez v Jenel Mgt. Corp.*, 11 AD3d 656 [2004]; *Brown-Phifer v Cross County Mall Multiplex*, 282 AD2d 564 [2001]; *Prisco v Long Is. Univ.*, 258 AD2d 451, 451-452 [1999]). Here, the evidence presented by the plaintiff was insuf-

ficient to establish a prima facie case of negligence against the defendants (*see Pennie v McGillivary*, 15 AD3d 639, 640 [2005]). The plaintiff failed to present evidence to support a common-law negligence claim that a dangerous condition existed on the subject stairway (*see Vachon v State of New York*, 286 AD2d 528, 531 [2001]). Further, she did not establish that the handrail on the subject stairway violated any applicable provision of the Building Code of the City of New York (*see Mokszki v Pratt*, 13 AD3d 709, 710 [2004]; *Hyman v Queens County Bancorp*, 307 AD2d 984, 986-987 [2003], *affd* 3 NY3d 743 [2004]; *Daria v Beacon Capital Co.*, 299 AD2d 312, 313 [2002]; *cf. Peters v 1625 E. 13th St. Owners, Inc.*, 18 AD3d 456 [2005]). Schmidt, J.P., Crane, Santucci and Rivera, JJ., concur.