■ MARTHA DULGOV, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [822 NYS2d 298]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated May 20, 2005, which granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff is a teacher who was injured when a bulletin board affixed to the wall of her classroom suddenly fell and struck her head. The plaintiff had not noticed that the bulletin board was loose prior to the accident, and there is no record of any prior complaints having been made about the condition of the board, which had been affixed to the classroom wall for at least four years.

To hold a property owner liable for an accident caused by a dangerous or defective condition on the property, a plaintiff must establish that the owner created the condition or had actual or constructive notice of it (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Ogletree v*

*Rush Realty Assoc., LLC,* 29 AD3d 875 [2006]; *Loiacono v Stuyvesant Bagels, Inc.,* 29 AD3d 537 [2006]; *Singer v St. Francis Hosp.,* 21 AD3d 469 [2005]). Here, the defendant City of New York established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the General Municipal Law § 50-h hearing testimony of the plaintiff and the deposition testimony of the school custodian, which established that the City neither created nor had actual or constructive notice of the alleged dangerous condition (*see Loiacono v Stuyvesant Bagels, Inc., supra; Singer v St. Francis Hosp., supra; Scott v First Stop,* 3 AD3d 528 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Scott v First Stop, supra; Imhotep v State of New York,* 298 AD2d 558 [2002]).

Furthermore, contrary to the plaintiff's contention, the Supreme Court properly concluded that the doctrine of res ipsa loquitur is not applicable to this case. The bulletin board was located in a classroom to which many individuals had access, and the plaintiff failed to demonstrate that the City had control "of sufficient exclusivity to fairly rule out the chance that the [alleged] defect. . . was caused by some agency other than defendant's negligence" (*Dermatossian v New York City Tr. Auth.,* 67 NY2d 219, 228 [1986]; *see Loiacono v Stuyvesant Bagels, Inc., supra; Scott v First Stop, supra; Imhotep v State of New York, supra; Thompson v Pizza Hut of Am.,* 262 AD2d 302 [1999]). Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.