WINSOME YATES, Appellant, v CITY OF NEW YORK, Respondent. (And a Third-Party Action.) [831 NYS2d 186]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated June 2, 2005, as, upon reargument, granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 4, 1998 Benjamin Yates suffered fatal injuries when he was struck by a falling lamppost. At the time of the accident, he was working as a laborer for third-party defendant Vales Construction Company, which was operating under contract with the defendant City of New York, to remove and replace a section of the sidewalk adjacent to the lamppost. "To hold a property owner liable for an accident caused by a dangerous or defective condition on the property, a plaintiff must es-

tablish that the owner created the condition or had actual or constructive notice of it" (*Dulgov v City of New York*, 33 AD3d 584 [2006]; *see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Here the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint. The defendant established its prima facie entitlement to judgment as a matter of law by submitting affidavits of its expert as well as certain records, which together demonstrated that it neither created nor had actual or constructive notice of the alleged dangerous condition (*see Gordon v American Museum of Natural History, supra; Dulgov v City of New York, supra*). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Evidence of a subsequent design modification with respect to newly installed lampposts is inadmissible to demonstrate that the original design was defective (*see Cover v Cohen*, 61 NY2d 261, 270-274 [1984]; *DePasquale v Morbark Indus.*, 221 AD2d 409, 410 [1995]). Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.