■ WILLIE MALLORY, Appellant, v CITY OF NEW ROCHELLE, Respondent. [836 NYS2d 426]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered March 7, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is undisputed that the defendant, City of New Rochelle, did not receive prior written notice of the allegedly defective condition which caused the plaintiff to sustain injuries. Moreover, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not affirmatively create the allegedly defective condition at issue (*see Min Whan Ock v City of New York*, 34 AD3d 542, 543 [2006]; *Elstein v City of New York*, 209 AD2d 186 [1994]). In opposition to this prima facie showing, the plaintiff offered only speculation that the defendant's work affirmatively created the allegedly defective condition, which was insufficient to raise a triable issue of fact (*see Hyland v City of New York*, 32 AD3d 822, 823-824 [2006]; *Stern v Incorporated Vil. of Flower Hill*, 278 AD2d 225, 226 [2000]; *Peters v City of Kingston*, 199 AD2d 809, 810 [1993]). The plaintiff's deposition testimony, which contradicted his earlier testimony at the General Municipal Law § 50-h hearing, and attempted to raise a feigned factual issue, was insufficient to defeat the motion (*see Popovec v Great Atl. & Pac. Tea Co., Inc.*, 26 AD3d 321 [2006]; *Garvin v Rosenberg*, 204 AD2d 388 [1994]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.