LAURA MOLINA, Appellant, v STATE OF NEW YORK, Respondent. [848 NYS2d 659]—

In a claim to recover damages for personal injuries, the claimant appeals from (1) a decision of the Court of Claims (Lack, J.), dated September 29, 2006, and (2) a judgment of the same court, dated October 27, 2006, which, after a nonjury trial on the issue of liability, and upon the decision, dismissed the claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The doctrine of res ipsa loquitur permits an inference of negligence to be drawn solely from the happening of an accident "upon the theory that 'certain occurrences contain within

themselves a sufficient basis for an inference of negligence' " (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986], quoting *Foltis, Inc. v City of New York*, 287 NY 108, 116 [1941]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203 [2006]; *Scott v First Stop*, 3 AD3d 528 [2004]). When the doctrine is applicable, it creates a prima facie case of negligence sufficient to submit the case to the fact finder, who may, but is not required to, draw a permissible inference (*see Kambat v St. Francis Hosp.*, 89 NY2d 489, 495 [1997]; *Crockett v Mid-City Mgt. Corp.*, 27 AD3d 611 [2006], *lv denied* 9 NY3d 805 [2007]; *Imhotep v State of New York*, 298 AD2d 558 [2002]). To invoke the doctrine, "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967] [internal quotation marks omitted]; *see Morejon v Rais Constr. Co.*, 7 NY3d 203 [2006]; *Kambat v St. Francis Hosp.*, 89 NY2d at 495).

The trial court properly concluded that the doctrine of res ipsa loquitur is not applicable to this case because the claimant failed to establish the element of exclusive control. The evidence presented at trial indicates that the claimant was injured when a wheel became detached from a rolling hospital tray table, causing it to tilt and spill a cup of hot coffee on her. The tray table was located in a hospital room to which many patients and visitors had access, and the claimant failed to demonstrate that the State had control "of sufficient exclusivity to fairly rule out the chance that the [alleged defect] was caused by some agency other than defendant's negligence" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d at 228; *see Dulgov v City of New York*, 33 AD3d 584 [2006]; *Loiacono v Stuyvesant Bagels, Inc.*, 29 AD3d 537 [2006]; *Scott v First Stop*, 3 AD3d 528 [2004]; *Thompson v Pizza Hut of Am.*, 262 AD2d 302 [1999]; *Raimondi v New York Racing Assn.*, 213 AD2d 708 [1995]). Absent the permissive inference of negligence which may be drawn when the doctrine of res ipsa loquitur applies, the claimant failed to establish a prima facie case. Santucci, J.P., Krausman, Lifson and McCarthy, JJ., concur.