■ LYUBOMIR BODNARCHUK, Appellant, v STATE OF NEW YORK, Respondent. [856 NYS2d 143]—

The claimant, an asbestos worker employed by a subcontractor to perform asbestos abatement at the Helen Hayes Hospital, allegedly was injured after he fell 8 to 10 feet through a metal grate into a hole. The grate was located beneath a window which the workers, including the claimant, used to pass equipment and materials into and out of the locker room where the abatement was taking place. There was evidence at trial that the only way that workers and materials were supposed to enter

and exit the locker room was through a decontamination chamber.

The Court of Claims dismissed the claim after trial, and we affirm. Contrary to the claimant's contention, he was not entitled to judgment in his favor based upon the doctrine of res ipsa loquitur. Res ipsa loquitur permits an inference of negligence to be drawn when the nature of the accident is such that it "would ordinarily not happen without negligence" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]). "Res ipsa loquitur does not create a presumption in favor of the plaintiff but merely permits the inference of negligence to be drawn from the circumstances of the occurrence" (*id.*). When the doctrine is applicable, it creates a prima facie case of negligence sufficient for submission to the fact finder, who may, but is not required to, draw a permissive inference of negligence (*see Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997]).

It is the general rule in New York that res ipsa loquitur applies only when the plaintiff can establish the following three elements: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d at 226 [internal quotation marks omitted]). Here, the evidence did not support a finding that the defendant had exclusive control over the area where the metal grate was located, as the claimant and other asbestos workers, as well as the public, had access to this area (*see Imhotep v State of New York*, 298 AD2d 558 [2002]; *Patrick v Bally's Total Fitness*, 292 AD2d 433 [2002]). In addition, the evidence failed to establish that the accident was due to the defendant's negligence. Indeed, it is equally, if not more, likely that the accident was due to the actions of the workers, including the claimant, in using the window for access to the locker room, instead of exiting and entering through the decontamination unit. Accordingly, the court properly declined to apply the doctrine of res ipsa loquitur.

The claimant's remaining contentions are without merit. Lifson, J.P., Ritter, Florio and Carni, JJ., concur.