In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), entered September 17, 2007, as granted that branch of the defendant’s motion which was for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondent.
The plaintiff allegedly slipped and fell on ice cream in the frozen food aisle of the defendant’s premises. The plaintiff stated that he did not see the ice cream until after he fell because the ice cream was the same color as the tile floor and that he did not know how long the ice cream had been on the floor. He also testified at his deposition that he did not notice any debris in the ice cream. The plaintiff commenced this action against the defendant. The defendant, inter alia, moved for *635 summary judgment dismissing the complaint, contending that it did not create the allegedly hazardous condition or have actual or constructive notice of it. The Supreme Court granted the motion. We affirm the order insofar as appealed from.
As the movant, the defendant established its entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the store manager and the plaintiff, which demonstrated, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of it (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Popovec v Great Atl. & Pac. Tea Co., Inc., 26 AD3d 321 [2006]; Carricato v Jefferson Val. Mall Ltd. Partnership, 299 AD2d 444 [2002]; Marukos v Waldbaums, Inc., 267 AD2d 434 [1999]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was for summary judgment dismissing the complaint. Ritter, J.E, Florio, Miller and Garni, JJ., concur. [See 2007 NY Slip Op 32910(U).]