(December 9, 2008)

■ ROBERT ADDOLORATO et al., Respondents, v WALDBAUMS, Appellant. [869 NYS2d 218]—

The plaintiff Robert Addolorato (hereinafter the injured plaintiff) allegedly sustained injuries when he slipped and fell on a puddle of water near the cash registers at the front of the defendant's supermarket. As a result, the injured plaintiff and his wife, suing derivatively, commenced this action against the defendant, alleging that the puddle came from a nearby beverage refrigerator. The defendant moved for summary judgment dismissing the complaint, contending that it did not create, or have actual or constructive notice of, the puddle. The Supreme Court denied the motion. We reverse.

The defendant submitted evidence sufficient to establish, prima facie, that it neither created the puddle of water nor had actual or constructive notice of it (*see Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 410 [2006]; *Popovec v Great Atl. & Pac. Tea Co., Inc.*, 26 AD3d 321 [2006]; *Collins v Mayfair Super Mkts., Inc.*, 13 AD3d 330 [2004]; *Dwoskin v Burger King Corp.*, 249 AD2d 358 [1998]). In opposition, the plaintiffs failed to submit evidence sufficient to raise triable issues of fact as to whether the puddle of water came from the nearby beverage refrigerator and whether the defendant had constructive notice of the puddle (*see Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516, 517 [2005]; *Collins v Mayfair Super Mkts., Inc.*, 13 AD3d at 331; *Dwoskin v Burger King Corp.*, 249 AD2d 358 [1998]; *cf. Gregg v Key Food Supermarket*, 50

AD3d 1093 [2008]; *Marino v Stop & Shop Supermarket Co.*, 21 AD3d 531 [2005]). The injured plaintiff's affidavit submitted in opposition to the motion sought to raise "a feigned issue of fact with respect to the issue of notice" designed to contradict his prior deposition testimony and, in any event, it was insufficient to raise a triable issue of fact (*Popovec v Great Atl. & Pac. Tea Co., Inc.*, 26 AD3d at 321; *see Mallory v City of New Rochelle*, 41 AD3d 556, 557 [2007]; *Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.