■ KONSTANTINOS KIRITSIS et al., Appellants, v NORTH SHORE SCHOOL DISTRICT, Respondent, et al., Defendant. (And a Third-Party Action.) [919 NYS2d 90]—

Contrary to the plaintiffs' contention, the facts adduced at trial were insufficient to warrant a jury charge on the doctrine of res ipsa loquitur. The nature of the testimony did not give rise to an inference that the injury was caused by an instrumentality within the exclusive control of the defendant North Shore School District (*see Bodnarchuk v State of New York*, 49 AD3d 581, 582 [2008]; *Sangiovanni v Koloski*, 31 AD3d 422, 423 [2006]; *Patrick v Bally's Total Fitness*, 292 AD2d 433, 434-435 [2002]). Thus, the Supreme Court properly denied the plaintiffs' request for a res ipsa loquitur charge.

The photographs the plaintiffs admitted into evidence were insufficient to support an inference that the defendant North Shore School District had constructive notice of any defect (*see Krakinowski v New York City Tr. Auth.*, 18 AD3d 443, 444 [2005]; *Lustenring v 98-100 Realty*, 1 AD3d 574, 577, 578 [2003]).

Accordingly, the Supreme Court correctly denied the plaintiffs' motion to set aside the verdict as contrary to the weight of the evidence. Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.