■ SALLY SCHURZ, Appellant, v MARTIN H. BODIAN et al., Respondents. [939 NYS2d 81]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney 'failed to exercise the ordinarily reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti,* 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel,* 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland,* 552 US 1257 [2008]). " 'To establish the element of causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence' " (*Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP,* 87 AD3d 566, 566 [2011], quoting *Snolis v Clare,* 81 AD3d 923, 925 [2011]). On a motion for summary judgment in the legal malpractice context, the defendant must "demonstrate that the plaintiff is unable to prove at least one of the essential elements of a legal malpractice cause of action" (*Greene v Sager,* 78 AD3d 777, 779 [2010]). If the defendant makes such a prima facie showing, the burden then

shifts to the plaintiff to raise an issue of fact necessitating a trial (*see Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d at 567; *Siciliano v Forchelli & Forchelli*, 17 AD3d 343, 345 [2005]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to prove that she would have prevailed in the underlying action but for the defendants' alleged negligence (*see generally Zelenaya v Rosengarten*, 301 AD2d 519, 520 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Levinstim v Parker*, 27 AD3d 698 [2006]; *see also Molina v State of New York*, 46 AD3d 642 [2007]; *Williams v Wal-Mart Stores, Inc.*, 10 AD3d 653 [2004]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.